**Walter J. Smith, Appellee, v. Guy A. Thompson, Trustee of Missouri Pacific Railroad Company, Appellant.**

### Term No. 45M5.

Heard in this court at the October term, 1945.
Opinion filed October 26, 1945. Released for publication November 27, 1945.

WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, for appellant; T. T. RAILEY and LLOYD MIDDLETON, both of St. Louis, Mo., of counsel.

F. E. MERRILLS, of Belleville, and SOL ANDREWS, of Chicago, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of St. Clair county, finding appellant, Guy A. Thompson, trustee of Missouri Pacific Railroad Company (hereinafter called defendant) guilty of contempt by reason of his failure to comply with an order of such court to answer certain interrogatories propounded by appellee, Walter J. Smith (hereinafter called plaintiff), and assessing a fine of $200 by reason of such failure to answer on part of defendant. The subject matter of this appeal is identical with that involved in a case of Charles J. Knaebel v. Guy A. Thompson, trustee, Missouri Pacific Railroad Company now pending in this court [see p. 21, *supra*], and as to which a similar decision is being rendered simultaneously.

The complaint in the action in St. Clair county charged negligence under the Federal Employers' Liability Act, and motions to strike were followed by the filing of an amended complaint. On December 11, 1944 certain interrogatories and a motion for a rule on the defendant to answer the sàme were filed. An order of court was entered on December 18, 1944, directing the defendant to answer such interrogatories within 20 days. Defendant failed to answer and a motion was filed by plaintiff for an order of default. As the result of the hearing had upon such motion, the court below did not enter an order of default, but found defendant in

contempt for failure to comply with the order of December 18, 1944, and assessed a fine of $200 by reason thereof. This appeal is taken from the order of the court so finding the defendant in contempt and assessing the fine referred to.

No issues of notice, or lack of notice, or that defendant, or his counsel, were not present, have been raised in this case by defendant, but defendant raises only the issues referred to and considered in this opinion. It is the contention of the defendant that the circuit court had no power to order the defendant to answer interrogatories propounded by the plaintiff, and that the only remedy or action which could be taken by the court upon the failure to answer such interrogatories is to fix the liability to pay the expenses incurred by the other party in ascertaining the facts sought to be established by use of the interrogatories, or demands that certain facts be admitted (1943 Ill. Rev. Stat. ch. 110, pars. 182, subpar. (2), 259.18, subpar. (2) [Jones Ill. Stats. Ann. 104.058, subpar. (2), 105.18, subpar. (2)]).

It is also contended that some of the interrogatories were improper for the reason that they could not be answered directly and without qualification or explanation, and for the reason that they call for an expression of opinion or construction. We will not discuss these latter contentions for the reason that no explanation was given by defendant in the court below for the failure to answer interrogatories, but the position apparently was taken that the court below had no power to compel the defendant to answer the interrogatories and that the only remedy of the plaintiff was under the sections referred to, to recover the expenses occasioned in ascertaining the facts sought to be established by use of the interrogatories or demands for admission of facts. It is, likewise, apparent that

some of the interrogatories were clearly proper in form and could be answered without qualification or explanation.

The cases involving consideration of admissions and the analogous problem of interrogatories under the Supreme Court Rules and the Civil Practice Act do not indicate that the penalty provided for as to the refusal to make admissions, in assessing the costs is exclusive. There is nothing in the Act which either directly or impliedly deprives the circuit court of its power to punish for contempt for arbitrary refusal in failing to carry out an order of such court in a proper case. We have been cited to no cases or precedents which would indicate that the circuit court of St. Clair county acted unreasonably or unlawfully in punishing the defendant for contempt in the instance case. An order of the circuit court was disobeyed without any reason being assigned. The power of the court to punish by contempt in a proper case has not, in our judgment, been modified in any manner by the Civil Practice Act or Supreme Court Rules specifying the procedure as to interrogatories or admissions, but the procedural requirements of such Act and the Supreme Court Rules have apparently expanded the scope of action of the court and have given an additional remedy to litigants.

The power and discretion of the court to compel a litigant to obey an order of the court cannot be defeated simply by an unjustified refusal to answer. We believe that the action of the circuit court of St. Clair county was proper and should be affirmed and that this cause should be remanded to the circuit court for further proceedings in this cause.

*Affirmed and remanded for further proceedings.*