(No. 53236.–)

VERNON E. WILLIAMS, Appellant, v. A. E. STALEY MANUFACTURING COMPANY, Appellee.

*Opinion filed January 20, 1981.*

560

SIMON, J., took no part.

Hillary H. Hallett, of Alton (Sidney Z. Karasik, of Chicago, of counsel), for appellant.

Vincent J. Hatch, of Donovan, Hatch & Constance, of Belleville, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

On October 31, 1977, plaintiff, Vernon Williams, filed his complaint in the circuit court of Madison County alleging he had suffered injuries while working for an insulation contractor at a plant owned by defendant, A. E. Staley Manufacturing Company. On December 7, defendant filed its interrogatories and a request to produce documents, asking that plaintiff respond within 28 days. On January 26, 1978, plaintiff filed an amended complaint, and defendant, on March 1, filed identical requests

to produce and interrogatories, requesting that plaintiff respond within 30 days. On March 16, plaintiff filed his interrogatories and request that defendant produce certain documents. Plaintiff filed answers to defendant's interrogatories in April, but produced none of the requested material. On August 31, the defendant filed a motion to dismiss the complaint for failure to produce the requested documents. Notice of the filing of this motion was mailed to plaintiff on August 30, according to the proof of service accompanying the motion, but no hearing date or time was specified therein. It is represented to be the practice in Madison County for the clerk to send to all counsel notice of the dates upon which identified motions will be heard. No such notice appears in this record. On September 12 the circuit court allowed the motion and directed that the clerk send to all counsel copies of the dismissal order. The clerk indicated in a minute note that this was done, although plaintiff maintains he did not receive one. On November 27 the plaintiff filed his "Compliance," submitting certain documents in response to the request to produce made nearly a year earlier. Three days later plaintiff filed a "Motion to Reinstate" the complaint, alleging the failure to supply the documents had been inadvertent and that they had been in the office of counsel for plaintiff on the day the dismissal order was entered. Defendant filed objections thereto, but both counsel and the court treated the motion as a petition filed pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) despite the fact the motion did not refer to section 72 and was neither verified nor supported by affidavit. When the circuit court, after a December 27 hearing, granted the motion, defendant appealed, citing Rule 304(b)(3), which deals with a "judgment or order granting or denying any of the relief prayed in a petition under section 72 of the Civil Practice Act" (58 Ill. 2d R. 304(b)(3)). The appellate court reversed (80 Ill. App.

3d 981), and we granted leave to appeal.

We observe at the outset that these appeals, involving a not insignificant waste of time, effort and money, are the direct result of a failure on the part of both parties to comply with the rules of this court. Plaintiff was dilatory in supplying the requested documents, and the defendant ignored the requirements of our Rule 201(k) (58 Ill. 2d R. 201(k)), as did plaintiff in a later motion to strike defendant's answer because defendant had allegedly failed to produce requested material. Our Rule 201(k) states:

> "(k) Reasonable Attempt to Resolve Differences Required. Every motion with respect to discovery shall incorporate a statement that after personal consultation and reasonable attempts to resolve differences the parties have been unable to reach an accord. The court may order that reasonable costs, including attorneys' fees, be assessed against a party or his attorney who unreasonably fails to facilitate discovery under this provision." (58 Ill. 2d R. 201(k).)

The committee comments to this rule state of paragraph (k):

> "Patterned after the practice in the United States District Courts for the Eastern and Northern Districts of Illinois, it is designed to curtail undue delay in the administration of justice and to discourage motions of a routine nature." (58 Ill. 2d R. 201(k), Committee Comments.)

The present Rule 12(d) of the Rules of the United States District Court for the Northern District of Illinois provides:

> "(d) To curtail undue delay in the administration of justice, this Court shall hereinafter refuse to hear any and all motions for discovery and production of documents under Rules 27 through 37 of the Federal Rules of Civil Procedure, unless moving counsel shall first advise the court in writing that after personal consultation and sincere attempts to resolve differences they are unable to reach an accord. This statement shall recite, in addition, the date, time, and place of such conference, and the names of all parties participating therein."

Similar, but somewhat more detailed rules have been adopted as Rule 11 of the Central District of Illinois and Rule 14 of the Southern District.

The United States District Court for the Northern District of Illinois, after which our rule was patterned, has made it clear that it will not tolerate submission of discovery disputes in the absence of compliance with its Rule 12(d). In considering a plaintiff's motion to strike defendant's objections to interrogatories and to compel answers, the court refused to allow expenses to either party. The court made it clear that it was making an exception in even considering the merits of the motion (which requested much less drastic relief than the motion to dismiss involved in the present case), stating:

> "Finally, the Court notes that the respective parties have indicated no attempt to resolve their differences with regard to these interrogatories by a conference required by Rule 12(d) of the local rules. Although the Court will this time make a determination on an unbriefed motion unsupported by the required conference, it is expected that in the future the parties will reconcile their discovery problems to the best of their ability prior to bringing a matter before the Court." *Goodman v. International Business Machines Corp.* (N.D. Ill. 1973), 59 F.R.D. 278, 279-80.

Our rule is less specific, but to the same effect. Our discovery rules, like the Federal discovery rules (see *Oppenheimer Fund, Inc. v. Sanders* (1978), 437 U.S. 340, 356-57, 57 L. Ed. 2d 253, 268, 98 S. Ct. 2380, 2392; *United States v. American Telephone & Telegraph Co.* (D.D.C. 1979), 83 F.R.D. 323, 327), contemplate that discovery will generally proceed without judicial intervention and that the great majority of discovery questions will be resolved by counsel themselves. This intention is apparent from Rule 201(k)'s requirement that every discovery motion contain a statement that the

parties have conferred and, after reasonable efforts to do so, have been unable to resolve their differences, and that belief is also evidenced by the fact that the direct supervision of discovery by the court under certain circumstances which is provided for in Rule 201(c)(2) was considered "unusual enough to call for special mention in the rule." (58 Ill. 2d R. 201(c)(2), Committee Comments.) To paraphrase what this court said in *Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 357:

> "[T]he increasing complexity and volume of present-day litigation involves frequent recourse to discovery procedures, [and seeking judicial intervention in discovery before consultation between counsel and good faith efforts to resolve differences] would serve only to inhibit pretrial settlements, increase the burden of already crowded court calendars, and thwart the efficient and expeditious administration of justice."

Judge Irving R. Kaufman of the Second Circuit Court of Appeals, in speaking of discovery in the Federal courts, noted that "[t]he whole discovery procedure contemplates an absence of judicial intervention in the run-of-the-mill discovery attempt." (Kaufman, *Judicial Control Over Discovery,* 28 F.R.D. 111, 116 (1962).) He also indicated that one of the primary factors in the proper functioning of a system of discovery is "the control exercised *by the attorneys themselves,* animated by a spirit of cooperation, a fear of reprisal, an appreciation of the judicial sanctions available if recalcitrance persists and, above all, by their knowledge that they are officers of the court ***." (Emphasis added.) 28 F.R.D. 111, 116.

This court, through its decisions and rules, has long been urging counsel to "adopt a spirit of co-operation with regard to *** discovery" and "encouraging the bench and

bar to wisely use the tools of discovery to illuminate the actual issues in the case rather than to harass and obstruct the opposing litigant." (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 197, 193.) The court also did so in promulgating Rule 201(k), which is designed to implement "present-day concepts of discovery ***, looking to the ultimate ascertainment of the truth and in many instances the realization of just settlements without the necessity of protracted litigation" (*Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 359). When an attorney attempts to use discovery rules and sanctions as weapons in a war of inconvenience, instead of the truth-seeking purposes for which they were designed, he does a disservice not only to the court and his colleagues at the bar, but also to his client, since his pettifogging makes more difficult a realistic review of the merits of the client's claim or defense.

There have been suggestions that motions which request drastic relief are "non-routine" motions and thus not within the purview of Rule 201(k). To the contrary, we believe that the more drastic the relief requested, the more necessary compliance with Rule 201(k). In the case of a motion to dismiss, compliance with Rule 201(k) is particularly important, as this case demonstrates. In view of the fact that plaintiff had answered the interrogatories, and the subsequent representations by counsel as to the availability of the documents, it seems quite likely that a conference between counsel would have resulted in their production.

It was stated by counsel on oral argument that contacting opposing counsel by means of telephone or otherwise had proved difficult. Telephone calls were not returned, letters were unanswered, and, as a consequence, some attorneys had developed the practice of filing motions as a means of gaining counsel's attention and

obtaining discovery. We do not know whether counsel's comments on oral argument accurately reflect the views of any substantial number of attorneys, but the practice described ought not to be tolerated by trial courts.

We emphasize that Rule 201(k) is not precatory. In promulgating it this court realized that one is not always able to contact opposing counsel, or that, when contacted, some lawyers are uncooperative. That fact, however, does not justify dispensing with a good-faith effort to contact counsel and resolve differences. In proper circumstances Rule 201(k) might be satisfied by a showing of active, but unsuccessful, efforts to contact, and proof of telephone calls unreturned or letters unanswered might, in some instances, suffice. There is, however, nothing of that type in this case.

Discovery is not a tactical game, and Rule 219(c) (73 Ill. 2d R. 219(c)) provides remedies against unreasonable opponents. Discovery is intended as, and should be, a cooperative undertaking by counsel and the parties, conducted largely without court intervention, for the purpose of ascertaining the merits of the case and thus promoting either a fair settlement or a fair trial. For those who use it to impede and harass, this court's admonition in *Buehler v. Whalen* (1977), 70 Ill. 2d 51, 67, is appropriate: "Discovery for all parties will not be effective unless trial courts do not countenance violations, and unhesitatingly impose sanctions proportionate to the circumstances."

Nowhere on the face of the motion in this case is there a statement complying with Rule 201(k), or any indication that consultations similar to those required took place or were attempted. Rather, there is in this record only a four-month silence followed by unilateral filing of a motion to dismiss. In the absence of compliance with Rule 201(k) the trial court should have simply dismissed the motion. Since the complaint was erroneously dis-

missed, its subsequent reinstatement was proper.

Accordingly the judgment of the appellate court is reversed, and the judgment of the circuit court of Madison County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE SIMON took no part in the consideration or decision of this case.