FREDERICK WACH, Plaintiff-Appellee, *v.* MARTIN VARNISH COMPANY
*et al.*, Defendants-Appellants.

First District (4th Division)    No. 80-1647

Opinion filed May 28, 1981.—Rehearing denied June 29, 1981.

Crooks & Gilligan, Ltd., of Chicago (John W. Gilligan, of counsel), for appellants.

Ash, Anos, Freedman & Logan, of Chicago (Bruce T. Logan, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Frederick Wach, brought a products liability action against the defendant, Martin Varnish Company (Martin Varnish), for the

failure to label and warn of hazardous substances. According to the complaint, Martin Varnish manufactured and distributed to Wach's employer certain paint and paint thinner products which caused severe injury to Wach. This is an appeal from an order of the circuit court of Cook County ordering Martin Varnish to pay Wach's attorney $1000 or suffer a default judgment for failure to comply with discovery. On appeal, Martin Varnish argues that the discovery orders had been fully complied with by the time Wach's motion for sanctions was heard and therefore the trial court abused its discretion in ordering Martin Varnish to pay the attorney's fees; there is no evidence in the record to support the amount of fees awarded; and it was improper, under Supreme Court Rule 219(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 219(a)) to make the award payable to Wach's attorney rather than to Wach.

On January 20, 1978, Wach filed interrogatories, a notice to produce, and notices of depositions directed toward Martin Varnish. On May 24, 1979, Wach filed a motion for supervision of discovery and for sanctions and attorney's fees against Martin Varnish for its failure to comply with the request to produce, failure to answer or object to the interrogatories, and failure to designate the person to be deposed pursuant to the notices of deposition. According to the motion, Wach had been unable to resolve differences concerning discovery through personal consultation or letters. See Ill. Rev. Stat. 1979, ch. 110A, par. 201(k).

On July 3, 1979, a hearing was held before Judge Paul F. Elward on the motion for supervision. After considering Martin Varnish's objections, the trial court rewrote many of the interrogatories and production requests. On July 6, 1979, the court entered a five-page order on the motion. The order stated how specific amended interrogatories and requests to produce should be worded. Most significantly for purposes of this appeal, Wach was directed to include the following question in its amended interrogatories:

"Did you label the products in question or the containers in which they were shipped or delivered, or in any way provide any written instructions in any manner to any person. If your answer is in the affirmative, you are directed to produce copies of the labels and instructions and to give the dates of their use, or if they are not available, to give the wording of the labels and instructions and when they were in use."

Martin Varnish's answer to the amended interrogatories was due on August 22, 1979. On that date it answered the interrogatory quoted above by stating that the products in question were labeled with trade name and code number and that the buyer would be provided with "material data safety sheets" on request. It was not stated whether written instructions were provided, and no labels, instructions, or dates of use were provided.

From discovery depositions it appeared that six products were involved and that at least some of these products had warning labels.

On December 20, 1979, Wach moved for sanctions against Martin Varnish for its failure to comply with the July 6, 1979, order. The matter was to be heard on January 4, 1980. On January 3, 1980, Martin Varnish produced the label for one product. Martin Varnish did not provide labels for other products or instructions for any product, and did not state that such information was unavailable or nonexistent.

At the January 4, 1980, hearing Martin Varnish contended that as of that date it had fully complied with discovery although compliance had not been performed by August 22, 1979, as had been ordered. It stated for the first time to the trial court that the delays in compliance were justifiable because it had been undergoing extensive corporate reorganization.

After hearing arguments of counsel, the trial court stated that the information produced by Martin Varnish, including the January 3, 1980, label, did not constitute complete compliance with the discovery orders. The court noted that between January 1978 and January 1980 Martin Varnish had produced only one label and that that production was four months later than had been ordered. Wach's motions for sanctions was granted and a tentative default order was entered against Martin Varnish. The matter was continued for proveup.

Martin Varnish's motion to reconsider was heard and denied on May 6, 1980. The court ordered that the January 4, 1980, tentative default order be made permanent unless the following conditions were met: (1) that Martin Varnish file an affidavit setting forth the names, titles and dates of departures of all officers of the defendant corporation from January 1, 1979, to June 3, 1980; (2) that Martin Varnish file an affidavit signed by the highest officer of the company and the company attorney that the July 6, 1979, order had been fully complied with and that no further labels or descriptions exist or will be produced; and (3) that Martin Varnish pay Wach's attorney $1000 in 14 days. Each of the conditions was met. Martin Varnish appeals only from that portion of the order concerning attorney's fees.

■■ Martin Varnish first argues that the discovery orders were fully complied with by the time Wach's motion for sanctions was heard on January 4, 1980, and that therefore the trial court abused its discretion in ordering it to pay Wach's attorney $1000. However, the discovery order was that Martin Varnish comply by August 22, 1979. Even if the facts are as alleged by Martin Varnish, compliance did not occur until January 3, 1980, more than four months later than was ordered. Martin Varnish did not petition for additional time within which to comply with the court's order. Under Supreme Court Rule 219(c) (Ill. Rev. Stat. 1979, ch. 110A, par. 219(c)), if a party fails to comply with any order entered under the discovery rules,

the court may, in lieu of or in addition to other remedies, order the offending party or his attorney to pay the reasonable expenses, including attorney's fees, incurred by any party as a result of the misconduct. Martin Varnish clearly did not obey the court's order that it comply with discovery by August 22, 1979. "Discovery is not a tactical game" and "will not be effective unless trial courts do not countenance violations, and unhesitatingly impose [appropriate] sanctions" in those instances where discovery rules and sanctions are used as weapons rather than for truth seeking purposes. (*Williams v. A. E. Staley Manufacturing Co.* (1981), 83 Ill. 2d 559, 566, 416 N.E.2d 252, 256.) The trial court's discretion in selecting appropriate sanctions to be imposed for noncompliance with discovery orders is broad, and its exercise will not be interfered with absent its abuse. (*Stickler v. McCarthy* (1965), 64 Ill. App. 2d 1, 212 N.E.2d 723, *aff'd in part, rev'd in part* (1967), 37 Ill. 2d 48, 224 N.E.2d 827.) We believe it was well within the trial court's discretion to order that Martin Varnish pay the attorney's fees incurred by Wach as a result of Martin Varnish's four-month-long failure to obey the trial court's order.

■■ Martin Varnish cites *Riley v. Unknown Owners* (1972), 6 Ill. App. 3d 864, 286 N.E.2d 806, in support of its contention that the award of attorney's fees was improper because the trial court's order was eventually complied with. In *Riley* the plaintiff failed to answer an interrogatory within the prescribed time and her complaint was dismissed notwithstanding that she answered the interrogatory the day before the entry of the dismissal order. The reviewing court held that the failure to answer the interrogatory until the day preceding the entry of the order did not warrant the dismissal of her complaint, "the harshest sanction available to a trial court for failure to comply with court rules." While dismissal may be an inappropriate sanction where there is eventual compliance, we believe it is proper under Rule 219(c) to award attorney's fees incurred as a result of the defendant's failure to comply with discovery rules and orders even where the defendant eventually complies with discovery.

■■ Martin Varnish next contends that there is no evidence in the record to support the amount of fees awarded. However, nowhere in the record below did the defendant object to the amount of fees or request a hearing on the issue. "To prevent the slowing of court processes * * * an objection to the amount of an attorney's fee should be made in the trial court rather than raised here for the first time. Thus, a party who fails to object below is not entitled to the benefit of the rule that proof of the reasonableness of the fee must be made; and he is bound by the trial court's judgment." (*City of Champaign v. Roseman* (1958), 15 Ill. 2d 363, 368-69, 155 N.E.2d 34, 38.) Further, the trial judge reviewed the many pleadings filed by Wach's attorney in an effort to enforce discovery rules and orders. He was presiding during the attorney's many court appear-

ances on discovery matters. From his own observations and experience the trial judge could conclude that $1000 was a reasonable fee for the attorney's services in attempting to enforce the discovery order.

■■ Martin Varnish's last contention is that the attorney's fees should have been paid directly to the plaintiff and not to the plaintiff's attorney because under subsection (a) of the Supreme Court Rule 219 (Ill. Rev. Stat. 1979, ch. 110A, par. 219), the offending party may be ordered "to pay to the aggrieved party" reasonable attorney's fees. However, as discussed above, the trial court's order here was proper under subsection (c) of Rule 219. Unlike subsection (a), subsection (c) does not state that the offending party pay the fees "to the aggrieved party." Therefore, Martin Varnish's argument that subsection (a) bars judgment in favor of a party's attorney is inapplicable here.

Accordingly the judgment of the circuit court is affirmed.

Affirmed.

ROMITI, P. J., and LINN, J., concur.