JOHN M. JONES, JR., Plaintiff-Appellant, *v.* MICHAEL HEALY, Defendant-Appellee.

First District (5th Division)    No. 80-956

Opinion filed June 5, 1981.

James H. Wolf, of Chicago (Hedberg, Tobin, Corrigan & Wolf, of counsel), for appellant.

Law Offices of Thomas P. McLaughlin, of Schaumburg (W. David Utley, James W. Bruce, and Donald S. Haley, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals the denial of his motion to vacate an order striking

his complaint and dismissing his action for failure to answer interrogatories, and defendant challenges this court's jurisdiction to consider this appeal.

After plaintiff filed his complaint seeking damages for personal injuries allegedly received in a motor vehicle accident, written interrogatories were served by defendant on January 21, 1976. Then, on August 9 of that year, defendant moved to strike the complaint and dismiss the action for failure of plaintiff to answer the interrogatories. An order was entered *ex parte* on August 9, granting the motion. A motion to vacate filed on September 8 by plaintiff was entered and continued to October 21, on which date the municipal division half-sheet has the entry "no order."

During the interim, it appears that on September 21 plaintiff filed answers to the interrogatories which were objected to by defendant because they were unsworn and unsigned and, subsequently, on November 16, 1976, filed sworn answers. The record indicates no further activity until March 5, 1980, when plaintiff moved for a ruling on the motion to vacate and to assign the case for trial. In an order entered that day, the court denied "the motion to vacate dismissal filed on December 8, 1976" and also denied the motion to assign the case for trial. Notice of appeal from the March 5 order was filed on March 31.

Opinion

Considering first the jurisdictional question raised by defendant, we note that it is essentially his position that plaintiff's notice of appeal was untimely because it was not filed within 30 days after the order of dismissal.

■■ Supreme Court Rule 303(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 303(a)) provides that a notice of appeal must be filed within 30 days after the entry of the final judgment appealed from unless a timely post trial motion is filed, in which event the notice of appeal must be filed within 30 days after the entry of the order disposing of the post trial motion. In the instant case, the motion to vacate, having been filed by plaintiff within 30 days after the dismissal order in accordance with section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 50(5)), was a timely post trial motion as that term is used in Rule 303(a). (See *Dulin, Thienpont, Potthast & Snyder, Ltd. v. Packaging Personified, Inc.* (1980), 89 Ill. App. 3d 647, 411 N.E.2d 1173.) The motion to vacate was denied on March 5, 1980, and because the notice of appeal was filed within 30 days thereafter, it was timely.

■■ We find no merit in the argument of defendant that because plaintiff

did not seek a hearing, as required by Rule 2.3 of the circuit court,[1] on his September 8, 1976, motion to vacate until March 5, 1980, that he abandoned the motion and therefore the order dismissing the complaint should be deemed final and appealable as of the entry date, in which event the notice of appeal would not, of course, have been timely. Defendant, however, cites no authority in support of this argument, and the case law appears to be contrary as it has been held that the failure on the part of a movant to call up a motion for hearing in no way impairs the validity of that motion. *Marshall E. Winokur, Ltd. v. Shane* (1980), 89 Ill. App. 3d 551, 553, 411 N.E.2d 1142; *City of Chicago v. Exchange National Bank* (1971), 133 Ill. App. 2d 370, 273 N.E.2d 484, *aff'd* (1972), 51 Ill. 2d 543, 283 N.E.2d 878.

The order of dismissal here not being appealable under Rule 303(a) until the post trial motion to vacate was ruled upon, and the notice of appeal having been filed within 30 days after the disposition of that motion, our jurisdiction is established.

■■ We turn then to the contention of plaintiff that the trial court abused its discretion in dismissing his action. Supreme Court Rule 219(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 219(c)) provides a nonexclusive list of sanctions for failure to comply with discovery rules ranging from a mere stay of the proceedings to a dismissal of the offending party's cause of action. However, in determining which sanction to impose, the trial court must seek to accomplish the discovery rather than to inflict punishment (*Presbyterian St. Luke's Hospital v. Feil* (1979), 75 Ill. App. 3d 438, 394 N.E.2d 537), and because dismissal is a severe sanction it should be invoked only in those cases where the actions of the party show a deliberate, contumacious, or unwarranted disregard of the court's authority (*Bejda v. SGL Industries, Inc.* (1979), 73 Ill. App. 3d 484, 392 N.E.2d 38, *aff'd in part and rev'd in part and rem'd* (1980), 82 Ill. 2d 322, 412 N.E.2d 464; *Schwartz v. Moats* (1971), 3 Ill. App. 3d 596, 277 N.E.2d 529). Furthermore, as stated in *White v. Henrotin Hospital Corp.* (1979), 78 Ill. App. 3d 1025, 1028-29, 398 N.E.2d 24, 27:

> "Dismissal, being such a drastic sanction, should be employed only as a last resort [citations], when all other enforcement powers at the court's disposal fail to advance the litigation [citations], and it should be set aside if it will not cause a hardship for the parties to proceed to trial on the merits. [Citations.]"

■■ In the instant case, there was only one order regarding discovery— the August 9, 1976, order dismissing the action, to which plaintiff filed a motion to vacate within 30 days. Thereafter, while that motion was

---

[1] "The burden of calling for hearing any motion previously filed is on the party making the motion. If any such motion is not called for hearing within 90 days from the date it is filed, the court may enter an order overruling or denying the motion by reason of the delay."

pending, the record discloses that plaintiff attempted to comply with the discovery request. On September 21, he filed answers to interrogatories, albeit unsigned and unsworn, and then on November 16 he filed sworn answers. In any event, no order was entered or requested by defendant, as provided for in Supreme Court Rule 219(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 219(a)), to compel the answers to interrogatories, and it appears clear that the record does not show deliberate, contumacious, or unwarranted disregard of the court's authority at any time. Moreover, there is no indication that defendant was prejudiced by plaintiff's late compliance. Indeed, on oral argument before this court, defendant was unable to inform us as to any harm resulting to him by reason of the delay in the filing of answers to interrogatories. For the reasons stated, and also because no hardship will be caused to appellee by a trial on the merits, we believe the dismissal order should be set aside. See *White v. Henrotin Hospital Corp.*

The judgment of dismissal is vacated, and this cause is remanded for further proceedings including consideration as to whether a sanction less drastic than dismissal should be imposed.

Dismissal vacated.

Cause remanded.

MEJDA and WILSON, JJ., concur.