ALFRED ANDERSON, Plaintiff-Appellee, *v.* ST. MARY'S HOSPITAL,
Defendant-Appellant.

Fifth District No. 80-298

Opinion filed October 14, 1981.—Rehearing denied November 12, 1981.

G. Keith Phoenix and Reed W. Sugg, both of Shepherd, Sandberg & Phoenix,
of St. Louis, Missouri, for appellant.

Michael A. Katz, of Collinsville, for appellee.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of
the court:

This appeal arose out of a medical malpractice suit filed by plaintiff,

Alfred Anderson, against St. Mary's Hospital, Dr. Sana Ullah, and Dr. Surit Gosh. The hospital and its attorney, G. Keith Phoenix, appeal from an order of the circuit court of St. Clair County finding Mr. Phoenix in contempt of court and fining him $100 for failing to produce a document for an *in camera* inspection as ordered by the trial court. The appellants contend on appeal that it was not contumacious conduct to refuse to produce the document due to the fact that it is exempt from discovery either because it is protected by the attorney-client privilege or because it constituted the attorney's work product.

For purposes of the record on appeal, the parties have entered a stipulation regarding the facts as permitted. by Supreme Court Rule 323(d) (Ill. Rev. Stat. 1979, ch. 110A, par. 323(d)). The stipulation stated that on January 17, 1980, Mr. Phoenix, as attorney for St. Mary's Hospital, informed plaintiff's attorney that he had conversed with Dr. Ezenwa concerning plaintiff's lawsuit and that no written record was made of the conversation. Dr. Ezenwa was the doctor who treated plaintiff after Dr. Ullah and Dr. Gosh. It was further stipulated that Mr. Phoenix sent a regular evaluation report to his client which in part referred to his conversation with Dr. Ezenwa.

Plaintiff requested that Mr. Phoenix produce those portions of a document sent to the hospital's insurance carrier which contained a summary of Mr. Phoenix's conversation with Dr. Ezenwa. Mr. Phoenix refused on the grounds that the report was privileged. On January 28, 1980, plaintiff filed a motion requesting that the court order Mr. Phoenix to produce the document for inspection or, alternatively, that the court inspect it and order production of any discoverable portions. The trial court found that it could not determine whether the document was privileged without reading it, and Mr. Phoenix was ordered to turn it over to the court within ten days for an *in camera* inspection. Mr. Phoenix refused to comply with this order, and plaintiff filed a motion for sanctions.

At the hearing on the motion for sanctions on May 21, 1980, Mr. Phoenix again refused to produce the document. The trial court then entered the following order:

> "Defendant continues to refuse to produce on the basis of attorney-client privilege the letter from counsel to its defendant client which report admittedly contains, among other matters, one or two paragraphs about defense counsel's conversations with Dr. Ezenwa. The Court finds defense counsel, G. Keith Phoenix in civil contempt and assesses a fine of $100.00. Appeal Bond waived."

Appellants contend that the contempt order should be reversed because it was based on an erroneous discovery order. They argue that the letter reporting the conversation with Dr. Ezenwa to St. Mary's insurer is protected from discovery by the attorney-client privilege or, alterna-

tively, by reason of the fact that it constituted the attorney's work product. Appellants further maintain that it was an abuse of discretion to order an *in camera* inspection of the letter because the facts established that it was not discoverable.

■■■ Before addressing the issues raised by appellants, we note that the trial court specifically held defendant's counsel in civil contempt of court and fined him $100. Civil and criminal contempt are distinguishable primarily by reason of the purpose each serves. Criminal contempt proceedings are directed to the preservation of the dignity and authority of the court while civil contempt orders are used to enforce the rights of private parties and compel obedience to orders or decrees for the benefit of opposing parties. (*Marcisz v. Marcisz* (1976), 65 Ill. 2d 206, 357 N.E.2d 477.) Generally, criminal contempt seeks to punish, while civil contempt seeks to coerce. (*Estate of Shlensky* (1977), 49 Ill. App. 3d 885, 364 N.E.2d 430.) If the purpose of the contempt order is punitive, then a specific fine or set term of imprisonment is appropriate. However, if the purpose is to coerce the party into complying with a court's order, then the fine or imprisonment continues until the contemnor complies with the court's order. *People v. Redlich* (1949), 402 Ill. 270, 83 N.E.2d 736; D. Dobbs, Law of Remedies §2.9, at 98-99 (1973).

In the instant case, although the trial court's order found Mr. Phoenix to be guilty of civil contempt, a punishment was assessed, indicative of a criminal contempt proceeding. A fine of a set amount fails to achieve the purpose of civil contempt, which is to induce compliance. Be that as it may, the sanction to be imposed for failure to comply with a discovery order is within the trial court's discretion; nominal fines, such as the one imposed here, have been upheld as an appropriate sanction for failure to comply with a court order. (*Consolidation Coal Co. v. Bucyrus-Erie Co.* (1980), 93 Ill. App. 3d 35, 416 N.E.2d 1090.) We find no abuse of discretion in the sanction herein imposed.

■■■ At the outset, we note that a contempt citation is an appropriate method for testing the propriety of a discovery order. (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6.) If the trial court's order was improper, defense counsel cannot be held in contempt of court. (*Bauter v. Reding* (1979), 68 Ill. App. 3d 171, 385 N.E.2d 886.) Hence, we must examine the underlying discovery order in this case.

■■ Appellants first assert that the letter sent to St. Mary's insurer is protected by the attorney-client privilege, referred to in Supreme Court Rule 201(b)(2) (Ill. Rev. Stat. 1979, ch. 110A, par. 201(b)(2)). This rule states, in part, that "privileged communications between a party or his agent and the attorney for the party, are privileged against disclosure through any discovery procedure." (Ill. Rev. Stat. 1979, ch. 110A, par. 201(b)(2).) While there is a conflict of authority as to the extent to which the common law privilege covers communications from lawyer to client (see *State ex*

*rel. Great American Insurance Co. v. Smith* (Mo. 1978), 574 S.W.2d 379),
it is well settled that since the purpose of discovery rules is to promote
disclosure, the party asserting the attorney-client privilege has the burden
of proving it. (*Shere v. Marshall Field & Co.* (1974), 26 Ill. App. 3d 728,
327 N.E.2d 92; *Monier v. Chamberlain* (1966), 66 Ill. App. 2d 472, 213
N.E.2d 425, *aff'd* (1966), 35 Ill. 2d 351, 221 N.E.2d 410.) Further, the mere
assertion that a matter is protected by the attorney-client privilege is
insufficient to prove the existence of such a privilege. *Johnson v. Frontier
Ford, Inc.* (1979), 68 Ill. App. 3d 315, 386 N.E.2d 112; *Shere v. Marshall
Field & Co.*

In the case at bar, defendant's attorney failed to offer any proof at
trial, other than his assertion, that the communication sought to be dis-
covered was protected under the attorney-client privilege. In fact, the
contempt citation was issued because Mr. Phoenix persisted in his refusal
to produce the document for court inspection *in camera.* This refusal
deprived the trial court of a reasonable opportunity to determine whether
or not the document fell within the attorney-client privilege. As stated by
the court in *Johnson v. Frontier Ford, Inc.* (1979), 68 Ill. App. 3d 315, 321,
386 N.E.2d 112, 116:

> "* * * In the absence of other sufficient proof of the claimed
> privilege [attorney-client] the in camera examination of the dis-
> puted documents ordered by the trial court appears to us to be a
> reasonable effort by it to find a basis to protect the privilege if it
> existed, and to prevent its application where it might not exist.
> [Citations.]"

Since no attorney-client privilege was shown to exist, we conclude that
the trial court's contempt order was not erroneous on the ground that the
material sought to be discovered was protected by such privilege.

Appellants further assert that the trial court erred by ordering an *in
camera* inspection of the document in question because it constituted Mr.
Phoenix's work product and was therefore protected from discovery by
the plaintiff. Their argument is that there is sufficient evidence before this
court to indicate that the document is exempt from discovery on this basis.
In light of the stipulated facts and record before us, we do not agree.

Under Supreme Court Rule 201(b)(2), "[m]aterial prepared by or for
a party in preparation for trial is subject to discovery only if it does not
contain or disclose the theories, mental impressions, or litigation plans of
the party's attorney." (Ill. Rev. Stat. 1979, ch. 110A, par. 201(b)(2).) The
leading case on the subject of "work product," upon which this portion of
Rule 201 is based (see Ill. Ann. Stat., ch. 110A, par. 201, Historical and
Practice Notes, at 122 (Smith-Hurd 1968)), is *Monier v. Chamberlain*
(1966), 35 Ill. 2d 351, 221 N.E.2d 410. Under *Monier,* work product
includes:

> "* * * only those memoranda, reports or documents which reflect

the employment of the attorney's legal expertise, those 'which reveal the shaping process by which the attorney has arranged the available evidence for use in trial as dictated by his training and experience,' [citation] * * *. Thus, memoranda made by counsel of his impression of a prospective witness, as distinguished from verbatim statements of such witness, trial briefs, documents revealing a particular marshalling of the evidentiary facts for presentment at the trial, and similar documents which reveal the attorney's 'mental processes' in shaping his theory of his client's cause, are documents 'made in preparation for trial' and exempt from discovery * * *." 35 Ill. 2d 351, 359-60, 221 N.E.2d 410, 416.

The evidence in the case at bar fails to indicate that the document sought to be discovered fits the criteria for work product set forth in *Monier*. Here, the record discloses that the document sought was, in fact, "a regular evaluation report" which discussed defense counsel's conversation with Dr. Ezenwa. Since this document is not before us, the nature and content of the document are not discernible from the record on appeal.

■■ As we previously have indicated, where there is a genuine dispute as to the nature or content of the document sought to be discovered, an attorney must ordinarily comply with the trial court's order for an *in camera* inspection of the document or be subject to sanctions for contempt. (*Johnson v. Frontier Ford, Inc.*) In the case at bar, it is impossible for this court, and was also impossible for the trial court, to determine whether or not the letter sought to be discovered contained material which fell within the work product exception referred to in *Monier*. The record on appeal does not establish that the document sought to be discovered contained only documents which are protected from discovery and not factual information; therefore, we find that the pretrial order to produce the document for an *in camera* inspection does not amount to an abuse of discretion.

Since Mr. Phoenix refused to comply with the pretrial order which directed him to produce for *in camera* inspection by the court a document which was not shown to be exempt from discovery, we conclude that the order was proper. Since it has not been established that the pretrial order was erroneous, the finding of contempt must stand. For these reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

JONES and WELCH, JJ., concur.