TRANSAMERICA INSURANCE GROUP, Subrogee of Tote Cart Company, Plaintiff-Appellee, v. BRENDA LEE, Defendant-Appellant.

First District (4th Division)   No. 86—2456

Opinion filed December 17, 1987.—Rehearing denied January 21, 1988.

McMORROW, P.J., dissenting.

Beermann, Swerdlove, Woloshin, Barezky & Berkson and Parrillo, Weiss & Moss, both of Chicago (Alvin R. Becker, Robert Parrillo, and Steven P. Garmisa, of counsel), for appellant.

Leonard E. Newman, of Chicago, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

For what it believed to be an egregious violation of the discovery rules by the defendant's attorneys, the law firm of Parrillo, Weiss & Moss, the trial court entered a $5,000 judgment against the defendant and awarded it to the plaintiff's attorney as attorney fees. The court based its ruling upon Supreme Court Rules 219(c) and (d), which allow the court to impose "such orders as are just" for violation of the discovery rules, including "attorney's fees incurred by any party as a result of the misconduct." (87 Ill. 2d Rules 219(c), (d).) As additional support for its ruling, the court cited section 2—611 of the Code of Civil Procedure, which allows the court to assess reasonable attorney fees against a party filing untrue pleadings. (Ill. Rev. Stat. 1985, ch. 110, par. 2—611.) On appeal, the defendant does not contest the finding that a discovery violation occurred, but contends solely that the plaintiff failed to meet its burden of proving that the attorney fees awarded were reasonable or actually incurred.

Although the defendant does not contest the propriety of the trial court's finding that a discovery violation occurred, it is necessary to set out the following facts for an understanding of the case. The plaintiff, Transamerica Insurance Company, insured a building owned by the Tote Cart Company. The building was damaged, allegedly as a result of the defendant's negligence, and the plaintiff paid the insured's claim of approximately $8,000. The plaintiff then, as subrogee of its insured, filed the instant lawsuit against the defendant. In its amended complaint, the plaintiff alleged that the defendant negligently failed to control a vehicle she was driving, causing it to run into and damage the insured's building. The answer filed by the

defendant denied both that she drove the car and that the car ran into the building. The plaintiff also filed an interrogatory containing the question, "[D]id said VEHICLE collide with a building?" The defendant's answer was a straightforward "No."

The defendant testified at a deposition that she was sitting in the parked car and put the key in the ignition to turn on the radio. As she reached over to pick up a bag, she hit the gear shift and the car moved forward and hit the building. The defendant further stated that while answering the interrogatories at her insurance company's office, someone asked her whether the car hit the building and she replied, "Yes." However, the document completed by the defendant "by and through her attorneys, Parrillo, Weiss & Moss," answered the interrogatory "No." The plaintiff then filed a motion to prevent discovery abuse alleging that the defendant's answer to the interrogatory was untruthful. It also filed a motion for sanctions under section 2—611 of the Code of Civil Procedure alleging that the answer filed by the defendant, in which she denied driving the vehicle, was made without reasonable cause and found to be untrue.

On motion of the plaintiff, the trial court granted summary judgment in favor of the plaintiff and against defendant in the amount of $7,917.20 plus costs and set a hearing on the plaintiff's motion for sanctions. At the hearing, the defendant's attorneys contended that the answer filed by the defendant was truthful because, although she may have caused the car to go forward, she was not "the driver." They also contended that the defendant's denial that the car collided with the building was appropriate because the dictionary definition of the word "collide" connotes "a violent contact with a degree of force and shock rather than a glancing impact." According to the defendant's attorneys, the simple fact that the car came into contact with the building, causing approximately $8,000 worth of damage, did not imply that a collision took place. The court rejected this argument and made a finding, which is contested on appeal, that a violation of the discovery rules had occurred.

The trial court then asked the plaintiff's attorney the number of hours expended by reason of the false answer to the interrogatory. The plaintiff's attorney responded that he had expended 20 hours and that a reasonable hourly rate was $125 per hour. The defendant's attorneys objected that section 2—611 allows only reasonable expenses actually incurred and that the plaintiff did not present any testimony or affidavit to prove what, if any, fees and expenses were incurred as a result of the discovery violation. The court then assessed attorney fees against the defendant in the amount of $5,000, twice the amount

claimed by the plaintiff's attorney.

On appeal, the defendant contends that the trial court erred in assessing $5,000 in attorney fees against her because the plaintiff failed to sustain its burden of proof that the fees were reasonable and actually incurred as a result of the false interrogatory answer. She asks that the ruling of the trial court be reversed and the cause remanded for further proceedings.

Although the trial court characterized its judgment as one for attorney fees, the amount assessed is twice the amount which the plaintiff's attorney claimed to have expended by reason of the false answer to the interrogatory. For this reason, we can only conclude that the judgment was assessed as a penalty for what the court perceived as a most serious and wilful violation of the discovery rules. The question before us, then, is whether the trial court could properly impose such a penalty under the circumstances presented in the case at bar. For the reasons which follow, we hold that it could.

■■ Supreme Court Rule 219 provides that if a party either unreasonably refuses to comply with or violates the discovery rules, "the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including among others, the following ***." The rule then specifies a number of sanctions, including the entry of a default judgment, the striking of pleadings, the barring of testimony, contempt proceedings, and the payment of reasonable expenses and attorney fees incurred as a result of the misconduct of the party committing the violation. (87 Ill. 2d Rules 219(c), (d).) The court is not limited to the enumerated sanctions, however, and may impose any order which is "just." (87 Ill. 2d R. 219(c).) In selecting an appropriate sanction, the trial court is vested with broad discretion and its decision will not be overturned absent an abuse of that discretion. *Hengels v. Gilski* (1984), 127 Ill. App. 3d 894, 903, 469 N.E.2d 708.

■■ An examination of Illinois case law reveals that courts of review have been strongly supportive of trial court rulings designed to vigorously enforce the discovery rules and protect the discovery process from abuse. (See *Buehler v. Whalen* (1977), 70 Ill. 2d 51, 374 N.E.2d 460; *Williams v. A. E. Staley Manufacturing Co.* (1981), 83 Ill. 2d 559, 416 N.E.2d 252; *In re Estate of Soderholm* (1984), 127 Ill. App. 3d 871, 469 N.E.2d 410.) In *Buehler v. Whalen*, the Illinois Supreme Court stated:

> "Our discovery procedures are meaningless unless a violation entails a penalty proportionate to the gravity of the violation. Discovery for all parties will not be effective unless trial courts

do not countenance violations, and unhesitatingly impose sanctions proportionate to the circumstances. These are already in Rule 219(c). It provides for varied sanctions, including contempt proceedings. But a contempt procedure is hardly a sanction in reality. The order can, of course, be appealed. The worst penalty is the payment of a nominal fine. Meanwhile, the opposing party may well have been forced to trial without truth, and truth is the heart of all discovery.

\*\*\* It is the opinion of this court that trial courts should make disclosure a reality." (*Buehler v. Whalen* (1977), 70 Ill. 2d 51, 67, 374 N.E.2d 460, 467.)

In choosing an appropriate sanction, the trial court should consider whether the sanction will discourage the offending party from coldly considering discovery violations in a "cost-effective manner." *In re Estate of Soderholm* (1984), 127 Ill. App. 3d 871, 881, 469 N.E.2d 410, 417.

Although the imposition of a monetary penalty is not one of the sanctions specifically listed in Supreme Court Rule 219(c), that section allows the court to impose "such orders as are just" upon a party, attorney or anyone acting on behalf of a party who violates the discovery rules. In the case at bar, the defendant stated in her deposition that she answered "Yes" when asked whether the car hit the building. Yet the answers to interrogatories prepared by her attorneys on her behalf state her answer as "No." At a hearing on the plaintiff's motion for sanctions, the defendant's attorneys sought to explain away this obviously false answer in a completely unsupportable manner.

There is no question that the false answer constituted a deliberate and egregious discovery violation. The supreme court admonished in *Buehler v. Whalen* (1977), 70 Ill. 2d 51, 67, 374 N.E.2d 460, 467, that discovery procedures are meaningless unless there is "a penalty" proportionate to the violation. Although Supreme Court Rule 219(c) provides that the court may order the offending party to pay the reasonable expenses, including attorney fees, incurred as a result of the misconduct, that does not appear to be an effective sanction in the case at bar. This is a very minor case with an absolute damage limitation. A truthful answer might have mandated a judgment in favor of the plaintiff. However, an untruthful answer has the effect of prolonging the litigation and imposing an economic burden on the plaintiff. This in turn places the plaintiff in a position where settlement on terms favorable to the defendant becomes more attractive. If the only sanction imposed upon discovery of the violation is the payment of attorney fees and costs, it may prove a cost-effective measure to be

tried in future cases. Additionally, and at least as significant as the burden on the plaintiff is the burden on the courts struggling to handle the massive amount of pending litigation.

■ The trial court in the case at bar obviously concluded that a sanction of attorney fees and costs would not have a sufficient salutary effect. For that reason, it imposed a judgment which encompassed a rough estimate of the cost of the litigation as well as a moderate penalty. As previously stated, the trial court is vested with broad discretion in enforcing discovery procedures and is not limited to the sanctions listed in Supreme Court Rule 219(c). We believe that the trial court's measured response to defense attorneys' cavalier attitude toward the judicial process was reasonable under the circumstances.

■ Although we conclude that the imposition of a penalty was appropriate, we believe that the judgment should have been entered against the offending party, Parrillo, Weiss & Moss, rather than against the defendant. (87 Ill. 2d R. 219(c).) Also, as a penalty rather than attorney fees, the judgment should have been awarded to the plaintiff's attorney for the benefit of his client. We therefore direct the trial court to modify the judgment order accordingly.

The judgment of the circuit court is affirmed as modified.

Affirmed as modified; remanded to the trial court with directions to modify the judgment consistent with this opinion.

LINN, J., concurs.

PRESIDING JUSTICE McMORROW, dissenting:

The facts surrounding the attorney fee award at issue here are neither complicated nor in dispute. Plaintiff alleged that defendant negligently drove her vehicle into a building owned by plaintiff's insured, causing property damage. The driver had purchased automobile insurance coverage for property damage, and was defended in the lawsuit by her insurer. Counsel for the driver's insurer relied upon a legal technicality to justify their misstatement of the insured's response to a written interrogatory regarding a material fact in plaintiff's case. Plaintiff learned of the alteration in a subsequent deposition of the insured driver. Plaintiff then requested summary judgment and reasonable attorney fees incurred as a result of the defense attorneys' misstatement of the response to the written interrogatory. The court granted plaintiff's motion for summary judgment. It also entered judgment in the amount of $5,000 for attorney fees, twice the

amount requested by plaintiff's attorneys, over defense counsel's objection that plaintiff failed to present proof that any of those alleged fees were reasonable or actually incurred.

The majority concludes that the trial court acted within its discretion when it awarded to the plaintiff twice the amount plaintiff requested in attorney fees. In the majority's view, this award was proper, not as reimbursement for the reasonable attorney fees incurred by plaintiff as a result of the discovery violation, but solely as a "penalty" for defense counsel's discovery violation. To reach this conclusion, the majority relies upon the broad proposition that a trial court has the authority to order "just" sanctions for discovery violations, thereby ensuring the integrity of the discovery process itself. (87 Ill. 2d R. 219; *Buehler v. Whalen* (1978), 70 Ill. 2d 51, 374 N.E.2d 460.) From this general principle, the majority reasons that an award of plaintiff's attorney fees in the amount requested would not "have a sufficient salutary effect" given the circumstances of this case. (164 Ill. App. 3d at 950.) Consequently, the majority determines, the court's award of double the amount of plaintiff's attorney fees was "a moderate penalty" and a "measured response to defense attorneys' cavalier attitude toward the judicial process." 164 Ill. App. 3d at 950.

I respectfully dissent. Illinois Supreme Court 219 states that "the court, on motion, may enter *** such orders as are just." (87 Ill. 2d R. 219(c).) In the instant case, the plaintiff did not motion for a penalty or any other "orders as are just," but moved solely for attorney fees and summary judgment. Under these circumstances, the trial court abused its discretion and committed reversible error when it imposed a $5,000 "penalty" upon defense counsel for a discovery violation and awarded that "penalty" gratuitously to the plaintiff. Also, assuming that the trial court's award was one for attorney fees rather than a penalty, plaintiff was not entitled to an award of those fees without a showing that any of the requested sum was reasonably incurred by the plaintiff as a result of the discovery violation.

## I

I cannot agree that the court properly awarded $5,000 to plaintiff on the broad proposition that Illinois Supreme Court Rule 219(c) authorizes a trial court to impose "just" discovery sanctions. Rule 219(c) permits the court to enter "such orders as are just" and "order that the offending party or his attorney pay the *reasonable expenses*, including attorney's fees *incurred* by any party as a result of the misconduct," for failure to comply with, or abuse of discovery procedures. (Emphasis added.) (87 Ill. 2d R. 219(c).) The purpose of a

"just" sanction under Rule 219(c) is "to accomplish discovery rather than inflict punishment. [Citation.]" *Bautista v. Verson Allsteel Press Co.* (1987), 152 Ill. App. 3d 524, 531, 504 N.E.2d 772, 777; *Jones v. Healy* (1981), 97 Ill. App. 3d 255, 422 N.E.2d 904.

In spite of this well-established precedent, the majority attempts, under the guise of Rule 219(c), to condone a sanction whose sole purpose is, as the majority admits, to punish defense counsel's discovery violation. It appears that the majority believes an award of attorney fees pursuant to Rule 219(c) is not sufficient to "penalize" the defense attorneys' misconduct. To remedy this perceived deficiency in the nature of sanctions listed in Rule 219(c), the majority essentially approves a trial court order that *sub silentio* fines defense counsel for contempt of court. However, no attempt was made here to follow the proper procedure for imposing a fine on defense counsel for contempt, and it is beyond question that the award of the $5,000 "penalty" to plaintiff is not sustainable on this basis. See *e.g., People v. Waldron* (1986), 114 Ill. 2d 295, 500 N.E.2d 17; *Sunset Travel, Inc. v. Lovecchio* (1983), 113 Ill. App. 3d 669, 447 N.E.2d 891; *Anderson v. St. Mary's Hospital* (1981), 101 Ill. App. 3d 596, 428 N.E.2d 528; *Smith v. Thompson* (1945), 327 Ill. App. 59, 63 N.E.2d 613.

I also cannot agree that in the context of this case an award of fees and expenses would not "have a sufficient salutary effect." (164 Ill. App. 3d at 950.) There is no basis in the record for the majority's conclusion that defendant's violation, sanctioned only by the payment of fees and costs, might be viewed as a "cost-effective measure to be tried in future cases." (164 Ill. App. 3d at 949-50.) There is also nothing in the record to indicate that the majority's determination that an award of incurred reasonable attorney fees and expenses for the violation may impede "the burden on the courts struggling to handle the massive amount of pending litigation." (164 Ill. App. 3d at 950.) The stated or proposed justification for the majority's conclusion that such an award was "just" is speculative and without foundation.

By awarding the plaintiff twice the amount of her attorney fees, the majority heaps upon the plaintiff a wholly unwarranted windfall. It is the plaintiff alone who benefits from the award of the $5,000 "penalty." Awarding the penalty to the plaintiff, who did not motion the court for any sanction other than attorney fees and who has been fully compensated for all expenses without that penalty, is justified by no more equity than the coincidence of fortuitous circumstance. This is not a punitive damage case, and the penalty awarded to plaintiff is not "just." The plaintiff is not entitled to a free bonus of $5,000. If, for punishment or deterrent purposes, the trial court should have the

authority to impose a punitive sanction of the nature ordered here, it would be more equitable to direct this "windfall" to a charitable legal organization or association that, for example, provides *pro bono* legal representation. The award of such a penalty to a charitable organization is no less justified under Illinois law than is the majority's award of the penalty to the plaintiff here. Because the majority's position is without precedent, statutory authority, or supreme court rule support, I cannot concur that the penalty is appropriate, and, for the reasons stated, I do not think the penalty is "just."

## II

Although the trial court characterized its award as one for attorney fees, the majority concludes that the $5,000 award here was a penalty and not for plaintiff's reasonably incurred attorney fees resulting from defense counsel's discovery violation. Assuming *arguendo* that the judgment was an award for fees, entry of the award without any evidence to establish the reasonableness of that award was an abuse of discretion.

The record shows that the trial court's $5,000 award was based on nothing more than the bare assertion of plaintiff's counsel that $2,500 in fees had been expended as a result of the defense attorneys' discovery violation. The award was entered without an evidentiary hearing and over the objection of defendant's counsel that the fees were not reasonably incurred. The trial court had before it no affidavit or testimony from plaintiff's lawyer to support his opinion that attorney fees in the amount of $2,500 were incurred as a result of the discovery violation. There was no showing that the fees had been actually incurred or that the fees and hours expended were reasonable and necessary.

Under these circumstances, the trial court abused its discretion in awarding attorney fees to plaintiff. Supreme Court Rule 219(c) specifically provides that the award of attorney fees must be "reasonable" and *"incurred* by [the innocent] party as a result of the misconduct." (Emphasis added.) (87 Ill. 2d R. 219(c).) The record in this case did not show the extent to which plaintiff was prejudiced by defendant's incorrect answer to an interrogatory at the time the court entered its judgment. Given this lack of proof of the reasonably incurred attorney fees in the record itself, the trial court should have conducted an evidentiary hearing in which both parties would have been provided an opportunity to introduce evidence of the reasonableness of the fees allegedly incurred as a result of defense counsel's discovery violation. (See, *e.g., Wach v. Martin Varnish Co.* (1981), 96 Ill. App. 3d 954, 422

N.E.2d 172; see also *Tamari v. Bache & Co.* (7th Cir. 1984), 729 F.2d 469.) The nature of defense counsel's discovery violation did not dispense with the requirement that plaintiff's attorneys prove the amounts of reasonable fees actually incurred as a result of that violation. The award itself is confiscatory and the manner in which it was imposed was inadequate to satisfy due process requirements.

I would reverse the trial court's order and remand the matter for further proceedings wherein counsel for both parties would be permitted to submit evidence of the reasonableness of the attorney fees actually incurred by plaintiff because of the discovery violation, in accordance with Illinois Supreme Court Rule 219.