GAYLE A. FREEMAN *et al.*, Plaintiffs-Appellees, v. JAMES M. MYERS, Adm'r of the Estate of Merritt L. Myers, Deceased, Defendant (Robert E. Gillespie, Defendant-Appellant).

Fourth District   No. 4—88—0798

Opinion filed November 9, 1989.

Lee Humphrey, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Springfield, for appellant.

Mark E. Wertz, of Janssen, Maher, Wertz & Miller, of Peoria, for appellees Daniel Williams and Law Office of Jay H. Janssen.

Jerome Mirza & Associates, Ltd., of Bloomington (Eileen M. O'Sullivan, of counsel), for appellee Gayle A. Freeman.

JUSTICE KNECHT delivered the opinion of the court:

This appeal involves an award of attorney fees to counsel because opposing counsel intentionally violated the trial court's ruling *in*

*limine* and thereby caused a mistrial. We agree with the trial court's findings, but conclude the award of attorney fees is impermissible and reverse.

Plaintiffs, Gayle Freeman and Daniel Williams, were passengers in an automobile driven by Jeffrey Williams on September 27, 1981. At the intersection of business Route 66 and Nicholson Road in Logan County, Illinois, the Williams vehicle collided with an automobile driven by Merritt L. Myers. Myers and his wife were killed in the accident. Plaintiffs sustained personal injuries. Plaintiffs' separately filed complaints were consolidated for trial.

Prior to trial, plaintiffs filed a motion *in limine* requesting defendant be prohibited from introducing evidence, arguing or insinuating, in the presence of the jury:

"3. That Jeffrey Williams was participating in a drag race or other speed competition with another automobile.

\* \* \*

7. That Jeffrey Williams had installed an aluminum intake manifold on his vehicle earlier on the day of the occurrence.

8. That Jeffrey Williams passed another vehicle approximately one mile from the scene of the occurrence.

9. Any testimony by Robert E. Mulvaney, Michael Leake or anyone else concerning reconstruction of the accident or the speeds of the vehicles therein because there is eyewitness testimony concerning the accident, the computations of Robert E. Mulvaney are not available for examination or cross-examination, Robert E. Mulvaney is not competent to testify on this case, and supporting data is not available."

Over the objection of defendant, the court granted these provisions of plaintiffs' motion *in limine*.

The trial commenced on January 12, 1987. Defendant Myers was represented at trial by attorney Robert Gillespie. Plaintiff Freeman was represented by attorney David Dorris, and plaintiff Williams was represented by attorney Jay Janssen. Plaintiffs called witnesses Docia Barrick, Michael Leake, Gayle Freeman, Dennis Freeman, Sandra Freeman, Pauline Williams, and Daniel Williams. Defendant called witnesses Charles Rigg, James Myers, Robert Mulvaney, Victor Knight, Ronald Craig, and Carolyn Seitzer.

During the course of the trial, plaintiffs made frequent objections to perceived violations of the motion *in limine*. During *voir dire*, Gillespie questioned juror Gerald Litterly whether he had ever owned a high-performance car; whether he had made any modifications to the car; and whether he had ever participated in races with the car. At

this early juncture of the trial, the court reminded Gillespie of the motion *in limine.*

When cross-examining plaintiff Gayle Freeman, Gillespie asked whether Williams had installed a new piece of machinery in the engine of his automobile on the day of the accident. Such questioning had earlier been barred by the court order. When reprimanded, Gillespie informed the court it was incorrect in not allowing evidence of racing and modification of the Williams vehicle. In counsel's opinion, the defendant had an absolute right to show the conduct of racing was the sole cause of the accident.

On direct examination, Gillespie questioned witness Trooper Mulvaney and witness Victor Knight regarding the speed of the Williams vehicle and a second vehicle it was alleged to be racing with. Trooper Mulvaney specializes in accident reconstruction and was asked to ascertain the speed of the vehicles through information gained from the accident scene. Knight was standing approximately five blocks from the intersection at the time of the accident. He was asked to testify to the speed of a second vehicle observed after the accident. On each of these occasions, plaintiffs objected and the court found the testimony barred by the court's earlier order.

After the questioning of Trooper Mulvaney, plaintiffs moved for a mistrial. The court refused the motion, but stated Gillespie's conduct was nearing such a level. In the reprimand following the questioning of Knight, Gillespie stated it was the theory of defendant that Williams was racing another vehicle at the time of the accident. In response, the court reminded Gillespie of the motion *in limine* and stated his conduct was very close to violating the prior court order.

The next witness called by Gillespie was Carolyn Seitzer. Seitzer lived a block from the intersection and was standing in her driveway at the time of the accident. The dialogue between Gillespie and Seitzer was as follows:

> "GILLESPIE: Now did you describe to the jury how those cars went as they first came into view until they went out of your view?
>
> WITNESS: Speed wise?
>
> GILLESPIE: Well, describe them.
>
> WITNESS: What did they do?
>
> GILLESPIE: How were they—.
>
> WITNESS: I would say they were drag racing."

Plaintiffs immediately renewed their motion for a mistrial. In the hearing that followed, Gillespie admitted he had not informed Seitzer of the limitations set by the court. Judge Dehner ordered a mistrial,

citing breach of the order pertaining to the motion *in limine.*

On May 7, 1987, plaintiffs filed a motion for attorney fees and sanctions in this case. One of the remedies sought by plaintiffs was a rule to show cause as to why Gillespie should not be held in contempt. On April 25, 1988, Judge Dehner entered an order assessing attorney fees against Gillespie ordering him to pay $2,100 to attorney David Dorris and $2,800 to Jay Janssen. In its April 25, 1988, order, the court did not cite any legal authority in support of its decision. It did state Gillespie's conduct was intentional but did not make a finding of contempt.

On August 22, 1988, Gillespie filed a motion to reconsider the award of attorney fees and a memorandum of law in support of his motion. Hearing was held on Gillespie's motion to reconsider on September 30, 1988. Judge Dehner entered an order on October 4, 1988, affirming the earlier award of attorney fees. In this order, Judge Dehner cited *Transamerica Insurance Group v. Lee* (1988), 164 Ill. App. 3d 945, 518 N.E.2d 413, Supreme Court Rule 63 (107 Ill. 2d R. 63), and Rule 1—102 of the Code of Professional Responsibility (107 Ill. 2d R. 1—102) as supporting his decision. Again, no finding of contempt was made. The order further stated there was no just cause to delay appeal on this issue.

In Illinois, in the absence of statutory authority, or an agreement between the parties, a successful party to a lawsuit is not entitled to attorney fees or costs of litigation. (*Ritter v. Ritter* (1943), 381 Ill. 549, 553, 46 N.E.2d 41, 43; see also *Meyer v. Marshall* (1976), 62 Ill. 2d 435, 442, 343 N.E.2d 479, 483.) Moreover, causing a mistrial does not change the rule. *In re Marriage of Spizzo* (1988), 168 Ill. App. 3d 487, 492, 522 N.E.2d 808, 811.

This court recently addressed the issue of awarding attorney fees pursuant to a mistrial in the case of *Kilpatrick v. First Church of the Nazarene* (1989), 182 Ill. App. 3d 461, 538 N.E.2d 136. *Kilpatrick* is factually similar to the case at bar. Plaintiff filed a personal injury action. The cause proceeded to a jury trial where a court order forbade reference to repairs made after the injury. Plaintiff's counsel violated the order in referring to such repairs before the jury. Even after reprimand, counsel continued to make reference to the repairs. The court ordered a mistrial. Finding counsel's conduct indicated a conscious attempt to damage the trial proceedings, the court ordered him to pay $7,120.90 in attorney fees and costs.

The trial court in *Kilpatrick* did not make a finding of contempt and failed to cite any legal authority in support of the award of attorney fees. On appeal, we reversed the decision of the trial court for

lack of statutory authority or agreement. (*Kilpatrick*, 182 Ill. App. 3d at 465, 538 N.E.2d at 138.) Plaintiffs attempt to distinguish the case at bar from *Kilpatrick*. In making this distinction, they cite the case law and statutes relied upon by Judge Dehner in his order of October 4, 1988. However, this legal authority was incorrectly interpreted and relied upon.

In *Transamerica Insurance Group v. Lee* (1988), 164 Ill. App. 3d 945, 518 N.E.2d 413, the appellate court upheld sanctions imposed upon a law firm for false interrogatory answers. The trial court imposed a sanction of $5,000 on the firm, representing twice the amount the opposing attorney had expended in labor due to the false response. Unlike the case at bar, an appropriate statute existed for the imposition of the sanction. The trial court there correctly relied upon section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611), which allowed the court to assess reasonable attorney fees against a party filing untrue pleadings. Neither this statute, nor a similar statute, is applicable to the case at bar.

■■ The trial court here cited portions of Supreme Court Rule 63 and Rule 1—102 of the Code of Professional Responsibility as supporting its action of imposing attorney fees. However, these provisions do not grant the trial court such authority. Rule 63 addresses judicial duties and provides a judge should maintain order and decorum in proceedings before him. Rule 1—102 pertains to attorney misconduct and provides a lawyer shall not engage in conduct prejudicial to the administration of justice. These provisions provide for disciplinary measures to be taken by the Attorney Registration and Disciplinary Commission and do not provide for the trial court to order its own independent sanctions. The trial court erred in its interpretation.

The rule requiring statutory authority or agreement prior to imposition of attorney fees takes into consideration certain policy issues. Such a sanction could have a dangerous chilling effect upon an attorney's ability to represent his client. Trial tactics should not be constrained with the fear a mistake or vigorous advocacy could result in severe financial penalty. There may be cases where it would be difficult to judge between mistaken tactics and deliberate and premeditated conduct. (*Kilpatrick*, 182 Ill. App. 3d at 464, 538 N.E.2d at 138.) Additionally, in clearly intentional situations a court may be able to fashion appropriate relief pursuant to contempt proceedings.

■■ This is not a case of mistaken tactics. Gillespie, an experienced trial lawyer, was repeatedly warned by the court. When reprimanded, Gillespie stated the excluded evidence was the theory of defendant's case. The trial court was justified in finding Gillespie's vi-

olation of the court order to be intentional. In such a situation the court may have been able to fashion appropriate relief based on contempt. However, there was no finding of contempt. Though a different remedy may have been appropriate, absent authority or agreement, the trial court's award of attorney fees in this case cannot stand.

Reversed.

LUND and SPITZ, JJ., concur.