THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. JULIA CAM-DEN, Defendant-Appellee (Jon C. Anderson, Appellant).

Fifth District   No. 5—89—0300

Opinion filed March 26, 1991.

Jon C. Anderson, State's Attorney, of Robinson (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

No brief filed for appellee.

JUSTICE LEWIS delivered the opinion of the court:

This is an appeal from an order of the circuit court of Crawford County sanctioning appellant Jon C. Anderson, the State's Attorney of Crawford County, for *ex parte* communications with defendant's physicians and fining him $1. For the reasons which follow, we vacate.

In July of 1983, Julia Camden was charged with aggravated battery, armed violence, and attempted murder as a result of a shooting that occurred in a Crawford County tavern. The defendant raised the defense of insanity. Ms. Camden's trial ended when the trial court, *sua sponte*, declared a mistrial. Camden's counsel subsequently filed a motion to dismiss on the ground of double jeopardy. When this was denied by the trial court, he filed an interlocutory appeal pursuant to Supreme Court Rule 604(f) (134 Ill. 2d R. 604(f)). A majority of this court reversed and remanded the cause with directions that the defendant be discharged. (*People v. Camden* (1986), 140 Ill. App. 3d 480, 488 N.E.2d 1082.) The Illinois Supreme Court granted the State's petition for leave to appeal and reversed and remanded the

decision of this court. *People v. Camden* (1987), 115 Ill. 2d 369, 504 N.E.2d 96.

After remand the case was set for trial in February 1989. Prior to trial, on February 16, 1989, the State filed a supplemental response to motion for production, listing as potential witnesses Dr. Dean J. Pelley of Robinson, Illinois, and Dr. Leonard J. Green, III, of Terre Haute, Indiana. On February 22, 1989, after the jury had been selected and sworn, counsel for the defendant filed motions to bar the testimony of these two physicians on the ground that the State's Attorney had conducted an *ex parte* interview with them without the defendant's consent, in violation of section 8—802 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 8—802), governing the physician-patient privilege.

In opposition to this motion, the State's Attorney told the court that he learned of these two witnesses through discovery material furnished by the defendant. He stated that his conversation with both doctors was limited to their availability to testify. With respect to his conversation with Dr. Pelley, the State's Attorney stated that Dr. Pelley told him that he was going to be in trial as a defendant in a case in the Federal district court in Benton. He added that Dr. Pelley informed his (State's Attorney's) secretary that there was a "progress note" at the Crawford County Hospital, a copy of which Dr. Pelley sent to the State's Attorney. The State's Attorney represented that he provided a copy of this document to defense counsel. Regarding the relevance of the testimony of Dr. Pelley, the State's Attorney explained that Dr. Pelley saw the defendant at the Crawford Memorial Hospital at 8 a.m. on July 22, 1983, the day after the shooting, and discharged her from the hospital after examining her at that time. The State's Attorney advised the court that Dr. Pelley, in his discharge summary, stated that defendant was oriented as to date, time, place, and person. The State's Attorney maintained that this determination was pertinent to the defendant's defense of insanity.

With respect to his conversation with Dr. Green, the State's Attorney stated that he inquired as to his availability for trial and asked him if the report which he (the State's Attorney) received in discovery was the pertinent report. Regarding the relevance of the testimony of Dr. Green, the State's Attorney explained that Dr. Green's examination of the defendant occurred just 13 days prior to the offense.

In ruling on the defendant's motion to prohibit the doctors from testifying, the court ordered that their testimony be limited to the content of their reports. The court expressly barred Dr. Pelley from testifying about the progress note or about anything which counsel

for Julia Camden had not given to the State. The court stated that neither witness would be allowed to express an opinion concerning the defendant's sanity if that was not addressed in his report.

During trial, Dr. Leonard J. Green, III, testified that on July 8, 1983, he saw the defendant at his clinic in Terre Haute, Indiana. The defendant, who had been referred by Dr. Pelley, wanted a tubal reanastomosis, or reattachment of her fallopian tubes. A physical examination revealed that the defendant was normal.

Dr. Dean Pelley testified that he examined the defendant at 8 a.m. on July 22, 1983, at the Crawford Memorial Hospital in Robinson, Illinois. He stated that the defendant understood his questions and that she recognized him. She knew who she was and where she was; she was oriented as to date, time, place, and person. He testified that the defendant was concerned that, as a result of the shooting incident, her former husband would obtain custody of her children. Dr. Pelley stated that he discharged the defendant at 8:21 a.m. on July 22, 1983.

On February 27, 1989, the trial judge made the following docket entry:

"Outside presence of jury, State's Attorney is disciplined for *ex parte* communication with defendant's treating physicians and fined the sum of $1.00. Judgement entered; execution stayed."

On appeal appellant, Jon C. Anderson, contends: (1) his actions in contacting defendant's physicians regarding their availability to testify did not constitute an act of contempt; (2) even if he had talked to the defendant's physicians about her sanity, it would not have constituted contempt in the absence of a court order; and (3) even if his conduct constituted contempt, he still was entitled to a hearing.

■ We decline to address appellant's contentions since we find that appellant has misconstrued the import of the trial judge's docket entry order of February 27, 1989. Underlying appellant's arguments is the premise that this docket entry order constitutes a finding of indirect criminal contempt by the trial judge. We do not share this conception. The record reveals the following preliminary remarks made by the trial judge on February 27, 1989, before he made the docket entry referred to above.

"THE COURT: Gentlemen, during the course of the arguments on the motion to exclude the testimony of the doctors, due to the alleged *ex parte* communication, Mr. Johnson [defense counsel] expressed a concern regarding his responsibilities in view of *People vs. Himmel.* D.R. 1—103 [Rule 1—103 of the Code of Professional Responsibility (107 Ill. 2d R. 1—103)]

includes, among counsel's prerogatives or alternatives, reporting to a tribunal which is empowered to act on such violation. The Canons of Judicial Conduct, Rule 63—B(3) [Supreme Court Rule 63(B)(3) (107 Ill. 2d R. 63(B)(3))] provides that a Judge shall take or initiate appropriate disciplinary measures, and those have historically been construed to include disciplining with prudence, where appropriate, for actions occurring in the course of the case.

Therefore, all my—assuming jurisdiction is not binding as to any further reporting you feel compelled to make, it is my opinion that you have complied with any ethical duty by reporting it to the Court. And given the fact that this is a relatively new point of law, as far as an applicability in criminal cases, and, frankly, the possibility the jury may find the Defendant not guilty and preclude review of this, I am going to fine the Office of the State's Attorney one dollar as a sanction for this, which provides an appealable order for a neutral review of this issue independent of all the other issues in this case, should the parties feel the need to pursue it."

As noted earlier, the trial judge, prior to trial, sanctioned the State's Attorney for his *ex parte* communications with defendant's physicians by barring certain testimony that the physicians might give concerning defendant's sanity. After the trial was over, in an effort to ensure that the State's Attorney would be able to appeal his pretrial ruling barring portions of the physician's testimony, the trial judge fined the State's Attorney the nominal sum of $1. By doing this it was apparently the judge's intention to provide an avenue by which the State could appeal should the jury acquit the defendant and thereby preclude any State appeal. We find this $1 fine to be a sanction imposed by the judge pursuant to Supreme Court Rule 63 (134 Ill. 2d R. 63) and not a finding of indirect criminal contempt as alleged by the State's Attorney.

■■ ■ Supreme Court Rule 63 addresses judicial duties and administrative responsibilities and paragraph (B)(3) of that rule provides:

"A judge having knowledge of a violation of these canons on the part of a judge or a violation of Rule 1—102 of the Code of Professional Responsibility on the part of a lawyer shall take or initiate appropriate disciplinary measures." (134 Ill. 2d R. 63(B)(3).)

It was pursuant to this rule that the trial judge sanctioned the State's Attorney for his *ex parte* communications by fining him $1. There was no finding of contempt. After reviewing the record, we find that this

sanction ordered by the trial judge was an impermissible infringement on the exclusive power of the supreme court, acting through the Attorney Registration and Disciplinary Commission (ARDC), to adjudicate attorney disciplinary matters. Disciplinary proceedings and sanctions for unprofessional conduct are exclusively within the province of the supreme court. (*In re Harris* (1982), 93 Ill. 2d 285, 291-92, 443 N.E.2d 557, 559; *Schnack v. Crumley* (1982), 103 Ill. App. 3d 1000, 1007, 431 N.E.2d 1364, 1369.) The ARDC acts as the agent of the supreme court in administering the disciplinary functions that have been delegated to it. (*In re Mitan* (1979), 75 Ill. 2d 118, 123-24, 387 N.E.2d 278, 280.) Attorney disciplinary proceedings are conducted by the ARDC completely separate and apart from the judicial proceedings in which the attorney misconduct was alleged to have occurred. (*Reed Yates Farms, Inc. v. Yates* (1988), 172 Ill. App. 3d 519, 530, 526 N.E.2d 1115, 1122.) Accordingly, any sanctions based on alleged professional misconduct must be addressed by the ARDC and not by the trial court, as in the instant case. *Schnack*, 103 Ill. App. 3d at 1007, 431 N.E.2d at 1369.

A recent case somewhat similar to the instant one, in that the trial court relied on Supreme Court Rule 63 to sanction an attorney for violating the Code of Professional Responsibility, is *Freeman v. Myers* (1989), 191 Ill. App. 3d 223, 547 N.E.2d 586. In *Freeman* the trial court ordered attorney fees to plaintiff's counsel on the basis that defense counsel intentionally violated the trial court's ruling *in limine* thereby causing a mistrial. The trial court cited portions of Supreme Court Rule 63 and Rule 1—102 of the Code of Professional Responsibility (107 Ill. 2d R. 1—102) as supporting its action of imposing attorney fees. The appellate court, disagreeing with this interpretation, stated in pertinent part:

"[T]hese provisions do not grant the trial court such authority. Rule 63 addresses judicial duties and provides a judge should maintain order and decorum in proceedings before him. Rule 1—102 pertains to attorney misconduct and provides a lawyer shall not engage in conduct prejudicial to the administration of justice. These provisions provide for disciplinary measures to be taken by the Attorney Registration and Disciplinary Commission and do not provide for the trial court to order its own independent sanctions. The trial court erred in its interpretation." (191 Ill. App. 3d at 227, 547 N.E.2d at 589.)

While noting that the trial court was justified in finding defense counsel's violation of the court's order *in limine* to be intentional, the appellate court remarked that in such a situation the trial court "may

have been able to fashion appropriate relief based on contempt." (191 Ill. App. 3d at 228, 547 N.E.2d at 589.) However, there was no finding of contempt and the appellate court in *Freeman* found that plaintiff was not entitled to attorney fees in the absence of statutory authority or an agreement. 191 Ill. App. 3d at 228, 547 N.E.2d at 589.

■■ In the instant case, the trial judge made reference to the Code of Professional Responsibility and Supreme Court Rule 63 when he imposed the $1 fine on the State's Attorney. As we noted above, there was no finding of contempt in this case, despite the argument to the contrary by the State's Attorney. The trial judge did not have the authority to sanction the State's Attorney by fining him and, accordingly, for the reasons stated above, the $1 sanction imposed on Jon Anderson, State's Attorney of Crawford County, is vacated.

Vacated.

RARICK, P.J., and HARRISON, J., concur.