FIRST DIVISION

December 28, 1998

No. 1-98-1544 

KENNETH AND JULIA SKOLNICK,

Plaintiffs and Counterdefendants-

Appellees,

v.

ALTHEIMER AND GRAY,

Defendant;

(Terry Robin Horwitz Kass, 

Defendant and Counterplaintiff-

Appellant;

Sonnenschein Nath and Rosenthal,

Appellant).

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County.

Honorable

Alfred J. Paul,

Judge Presiding.

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

Terry Robin Horwitz Kass, an Illinois attorney (Kass), and the law firm of Sonnenschein Nath & Rosenthal (Sonnenschein) appeal from an order of the circuit court denying their motion to modify a protective order for good cause shown and directing that Kass's counterclaim be filed under seal.  We reverse and remand.

In June 1993, Kass and her then-employer, the law firm of Altheimer & Gray (Altheimer), made contemporaneous reports to the Attorney Registration and Disciplinary Commission (ARDC) alleging that another Altheimer attorney, Kenneth Skolnick, had falsified a document in a court filing.  The ARDC investigated, conducted a hearing, and ultimately concluded the evidence was insufficient to sustain the charges.  Shortly thereafter, Skolnick filed a complaint at law against Kass and Altheimer alleging they had falsely accused him of fabricating the bogus document.  Kass retained Sonnenschein to represent her.

In that lawsuit, the circuit court entered an agreed protective order regarding discovery.  The order allowed any party to designate discovery documents as "confidential," including documents obtained from third parties.   Nonproducing parties and their counsel were forbidden to disseminate or disclose such documents or their contents; however, a party could petition the circuit court to modify the order for "good cause shown."

During discovery, Kass' lawyers obtained documents
(footnote: 1) that they believed showed Skolnick had engaged in misconduct as defined in Rules 8.4(a)(3) and (a)(4) of the Illinois Rules of Professional Conduct.  134 Ill. 2d Rs. 8.4(a)(3), (a)(4).  The documents were produced pursuant to the agreed protective order.  Kass petitioned the circuit court for modification of the protective order to permit disclosure of the documents to the ARDC pursuant to 
In re Himmel
, 125 Ill. 2d 531, 533 N.E.2d 790 (1988).  Kass also sought leave to file a counterclaim incorporating and attaching the protected documents.  The circuit court denied the motion to modify the protective order, but granted Kass leave to file her counterclaim under seal.  Sonnenschein and Kass appeal.  

This court has jurisdiction pursuant to Supreme Court Rule 307(a)(1).  See 
In re A Minor
, 127 Ill. 2d 247, 260, 537 N.E.2d 292, 297 (1989) (court orders forbidding publication of information are appealable injunctions); 
Cummings v. Beaton & Associates, Inc.
, 192 Ill. App. 3d 792, 549 N.E.2d 634 (1989) (judicial restraints on dissemination of information appealable under Rule 307(a)).

On appeal, Kass and Sonnenschein contend the trial court's denial of the motion to modify the protective order was an abuse of discretion because it forces them to make an untenable choice:  Violate 
Himmel
 and be subject to discipline by the ARDC or violate the protective order and be in contempt of court.  

In 
Himmel
, a woman retained an attorney to represent her in a personal injury action.  The attorney negotiated a settlement of $35,000 for the woman; one-third of this sum was to be his attorney fee, but the attorney kept the entire $35,000.  The woman then retained another attorney, James M. Himmel, to collect her money.  Himmel negotiated a $75,000 settlement with the first attorney for the woman and drafted the agreement.  The agreement provided that the woman would not initiate any criminal, civil, or attorney disciplinary action against the first attorney.  Neither the woman nor Himmel reported the first attorney's conduct to the ARDC.  

The Illinois Supreme Court suspended Himmel's law license for one year because Himmel failed to report the first attorney's misconduct.  125 Ill. 2d at 546, 533 N.E.2d at 796.  The court stated that "client approval of an attorney's action does not immunize an attorney from disciplinary action."  125 Ill. 2d at 542, 533 N.E.2d at 794.   The supreme court articulated the absolute duty of each licensed attorney to report attorney misconduct. The absolute duty to report attorney misconduct must be accompanied by the absolute right to report.

   Here, the court order was an "agreed protective order."  An agreed order is an agreement among the parties that has been endorsed and recorded by the court.  
Olsen v. Staniak
, 260 Ill. App. 3d 856, 861, 632 N.E.2d 168, 173 (1994); 
Deere & Co. v. Finley
, 103 Ill. App. 3d 774, 777, 431 N.E.2d 1201, 1203 (1981).  However, this agreed protective order prevented Kass and Sonnenschein from fulfilling their ethical duties.  Accordingly, the trial court erred in refusing to modify the order to permit the disclosure of the relevant documents to the ARDC. 

Further, appellee contends the appellants have fulfilled their ethical duties pursuant to 
Himmel
 by reporting the alleged misconduct to the trial court. 

In Illinois, the supreme court and the agency to which it has delegated that authority, the Attorney Registration and Disciplinary Commission, have the exclusive authority to discipline or sanction the unprofessional conduct of attorneys admitted to practice before the court.  
Beale v. Edgemark Financial Corp
., 297 Ill. App. 3d 999 (1998); 
People ex rel. Brazen v. Finley
, 119 Ill. 2d 485, 519 N.E.2d 898 (1988);  
In re Mitan
, 119 Ill. 2d 229, 518 N.E.2d 1000 (1987).  The power to prescribe rules governing attorney conduct and attorney discipline rests solely with the Illinois Supreme Court.  
Beale v. Edgemark Financial Corp
., 297 Ill. App. 2d 999 (1998);  
People ex rel. Brazen v. Finley
, 119 Ill. 2d 485, 519 N.E.2d 898 (1988).   A party cannot seek redress in the trial court for the mere misconduct of an attorney.  Where what is sought is only to penalize the attorney for such misconduct, the only forum for exacting such punishment is the Illinois Supreme Court.   
Mitan
, 119 Ill. 2d 229,  518 N.E.2d 1000.  See  
In re Marriage of Dall
, 212 Ill. App. 3d 85,  569 N.E.2d 1131 (1991);  
People v. Camden
, 210 Ill. App. 3d 921,  569 N.E.2d 312 (1991);  
Freeman v. Myers
, 191 Ill. App. 3d 223, 547 N.E.2d 586 (1989) (attorney cannot be sanctioned by the trial court for violating the Code of Professional Responsibility; Attorney Registration and Disciplinary Commission, as arm of Illinois Supreme Court, is forum in which the latter charges are to be heard and discipline imposed).

However, a trial court may consider attorney violations of the Illinois Rules of Professional Conduct if that misconduct results in prejudice or adversely impacts the rights of the parties in the case pending before it.   
Barliant v. Follett Corp
., 74 Ill. 2d 226, 384 N.E.2d 316 (1978);  
SK Handtool Corp. v. Dresser Industries, Inc.
, 246 Ill. App. 3d 979, 619 N.E.2d 1282 (1993) (courts can order disqualification of attorney for ethical violations involving conflicts of interest);  
Lavaja v. Carter
, 153 Ill. App. 3d 317, 505 N.E.2d 694 (1987) (party adversely affected by conflict of interest has standing to move to disqualify attorney).  And, a trial court can remedy attorney misconduct by contempt proceedings.  
Dall
, 212 Ill. App. 3d 85,  569 N.E.2d 1131; 
Camden
, 210 Ill. App. 3d 921, 569 N.E.2d 312;  
Freeman
, 191 Ill. App. 3d 223,  547 N.E.2d 586.  Here, however, the alleged misconduct did not result in prejudice nor did it adversely impact the rights of the parties in the pending case and thus was "mere misconduct," referenced in 
Titan
, for which the only appropriate forum is the ARDC.

We therefore reverse and remand to the trial court with instructions to modify the agreed order in accordance with this opinion.

Reversed and remanded with instructions.

TULLY and O. FROSSARD, JJ.’s concur.

FOOTNOTES
1:     
 The documents at issue were consolidated as a separate appendix to the briefs of Kass and Sonnenschein and transmitted to this court under seal pursuant to order of the circuit court without objection by the Skolnicks.