708 N.E.2d 1177 (1999)
303 Ill. App.3d 27
237 Ill.Dec. 137
Kenneth and Julia SKOLNICK, Plaintiffs and Counterdefendants-Appellees,
v.
ALTHEIMER AND GRAY, Defendant (Terry Robin Horwitz Kass, Defendant and Counterplaintiff-Appellant; Sonnenschein Nath and Rosenthal, Appellant).
Nos. 1-98-1543, 1-98-1544.
Appellate Court of Illinois, First District, First Division.
February 1, 1999.
Rehearing Denied March 2, 1999.
*1178 Sonnenschein Nath & Rosenthal, Chicago (William T. Barker, James R. Ferguson, Elissa L. Isaacs, Michael M. O'Hear, of counsel), for Appellant.
Vurdelja & Heapy, Chicago (George N. Vurdelja, Jr., Griswold L. Ware, of counsel), for Appellees.
Presiding Justice SHEILA M. O'BRIEN delivered the opinion of the court:
Terry Robin Horwitz Kass, an Illinois attorney (Kass), and the law firm of Sonnenschein Nath & Rosenthal (Sonnenschein) appeal from an order of the circuit court denying their motion to modify a protective order for good cause shown and directing that Kass's counterclaim be filed under seal.
In June 1993, Kass and her then-employer, the law firm of Altheimer & Gray (Altheimer), made contemporaneous reports to the Attorney Registration and Disciplinary Commission (ARDC) alleging that another Altheimer attorney, Kenneth Skolnick, had falsified a document in a court filing. The ARDC investigated, conducted a hearing, and ultimately concluded the evidence was insufficient to sustain the charges. Shortly thereafter, Skolnick filed a complaint at law against Kass and Altheimer alleging they had falsely accused him of fabricating the bogus document. Kass retained Sonnenschein to represent her.
In that lawsuit, the circuit court entered an agreed protective order regarding discovery. The order allowed any party to designate discovery documents as "confidential," including documents obtained from third parties. Nonproducing parties and their counsel were forbidden to disseminate or disclose such documents or their contents; however, *1179 a party could petition the circuit court to modify the order for "good cause shown."
During discovery, Kass' lawyers obtained documents[1] that they believed showed Skolnick had engaged in misconduct as defined in Rules 8.4(a)(3) and (a)(4) of the Illinois Rules of Professional Conduct. 134 Ill.2d Rs. 8.4(a)(3), (a)(4). The documents were produced pursuant to the agreed protective order. Kass petitioned the circuit court for modification of the protective order to permit disclosure of the documents to the ARDC pursuant to In re Himmel, 125 Ill.2d 531, 127 Ill.Dec. 708, 533 N.E.2d 790 (1988). Kass also sought leave to file a counterclaim incorporating and attaching the protected documents. The circuit court denied the motion to modify the protective order, but granted Kass leave to file her counterclaim under seal. Sonnenschein and Kass appeal.
This court has jurisdiction pursuant to Supreme Court Rule 307(a)(1). See In re A Minor, 127 Ill.2d 247, 260, 130 Ill.Dec. 225, 537 N.E.2d 292, 297 (1989) (court orders forbidding publication of information are appealable injunctions); Cummings v. Beaton & Associates, Inc., 192 Ill.App.3d 792, 139 Ill.Dec. 908, 549 N.E.2d 634 (1989) (judicial restraints on dissemination of information appealable under Rule 307(a)).
On appeal, Kass and Sonnenschein contend the trial court's denial of the motion to modify the protective order was an abuse of discretion because it forces them to make an untenable choice: Violate Himmel and be subject to discipline by the ARDC or violate the protective order and be in contempt of court.
In Himmel, a woman retained an attorney to represent her in a personal injury action. The attorney negotiated a settlement of $35,000 for the woman; one-third of this sum was to be his attorney fee, but the attorney kept the entire $35,000. The woman then retained another attorney, James M. Himmel, to collect her money. Himmel negotiated a $75,000 settlement with the first attorney for the woman and drafted the agreement. The agreement provided that the woman would not initiate any criminal, civil, or attorney disciplinary action against the first attorney. Neither the woman nor Himmel reported the first attorney's conduct to the ARDC.
The Illinois Supreme Court suspended Himmel's law license for one year because Himmel failed to report the first attorney's misconduct. Himmel, 125 Ill.2d at 546, 127 Ill.Dec. 708, 533 N.E.2d at 796. The court stated that "client approval of an attorney's action does not immunize an attorney from disciplinary action." 125 Ill.2d at 542, 127 Ill.Dec. 708, 533 N.E.2d at 794. The supreme court articulated the absolute duty of each licensed attorney to report attorney misconduct. The absolute duty to report attorney misconduct must be accompanied by the absolute right to report.
Here, the court order was an "agreed protective order." An agreed order is an agreement among the parties that has been endorsed and recorded by the court. Olsen v. Staniak, 260 Ill.App.3d 856, 861, 198 Ill.Dec. 109, 632 N.E.2d 168, 173 (1994); Deere & Co. v. Finley, 103 Ill.App.3d 774, 777, 59 Ill.Dec. 444, 431 N.E.2d 1201, 1203 (1981). However, this agreed protective order prevented Kass and Sonnenschein from fulfilling their ethical duties. Accordingly, the trial court erred in refusing to modify the order to permit the disclosure of the relevant documents to the ARDC.
Further, appellees contend the appellants have fulfilled their ethical duties pursuant to Himmel by reporting the alleged misconduct to the trial court. In Illinois, the supreme court and the agency to which it has delegated that authority, the Attorney Registration and Disciplinary Commission, have the exclusive authority to discipline or sanction the unprofessional conduct of attorneys admitted to practice before the court. Beale v. Edgemark Financial Corp., 297 Ill.App.3d 999, 232 Ill.Dec. 78, 697 N.E.2d 820 (1998); People ex rel. Brazen v. Finley, 119 Ill.2d 485, 116 Ill.Dec. 683, 519 N.E.2d 898 (1988); *1180 In re Mitan, 119 Ill.2d 229, 116 Ill.Dec. 179, 518 N.E.2d 1000 (1987). The power to prescribe rules governing attorney conduct and attorney discipline rests solely with the Illinois Supreme Court. Beale v. Edgemark Financial Corp., 297 Ill.App.3d 999, 232 Ill. Dec. 78, 697 N.E.2d 820 (1998); People ex rel. Brazen v. Finley, 119 Ill.2d 485, 116 Ill.Dec. 683, 519 N.E.2d 898 (1988). A party cannot seek redress in the trial court for the mere misconduct of an attorney. Where what is sought is only to penalize the attorney for such misconduct, the only forum for exacting such punishment is the Illinois Supreme Court. Mitan, 119 Ill.2d 229, 116 Ill.Dec. 179, 518 N.E.2d 1000. See In re Marriage of Dall, 212 Ill.App.3d 85, 155 Ill. Dec. 520, 569 N.E.2d 1131 (1991); People v. Camden, 210 Ill.App.3d 921, 155 Ill.Dec. 312, 569 N.E.2d 312 (1991); Freeman v. Myers, 191 Ill.App.3d 223, 138 Ill.Dec. 419, 547 N.E.2d 586 (1989) (attorney cannot be sanctioned by the trial court for violating the Code of Professional Responsibility; Attorney Registration and Disciplinary Commission, as arm of Illinois Supreme Court, is forum in which the latter charges are to be heard and discipline imposed).
However, a trial court may consider attorney violations of the Illinois Rules of Professional Conduct if that misconduct results in prejudice or adversely impacts the rights of the parties in the case pending before it. Barliant v. Follett Corp., 74 Ill.2d 226, 23 Ill.Dec. 522, 384 N.E.2d 316 (1978); SK Handtool Corp. v. Dresser Industries, Inc., 246 Ill.App.3d 979, 189 Ill.Dec. 233, 619 N.E.2d 1282 (1993) (courts can order disqualification of attorney for ethical violations involving conflicts of interest); Lavaja v. Carter, 153 Ill.App.3d 317, 106 Ill.Dec. 147, 505 N.E.2d 694 (1987) (party adversely affected by conflict of interest has standing to move to disqualify attorney). And, a trial court can remedy attorney misconduct by contempt proceedings. Dall, 212 Ill.App.3d 85, 155 Ill.Dec. 520, 569 N.E.2d 1131; Camden, 210 Ill.App.3d 921, 155 Ill.Dec. 312, 569 N.E.2d 312; Freeman, 191 Ill.App.3d 223, 138 Ill.Dec. 419, 547 N.E.2d 586. Here, however, the alleged misconduct did not result in prejudice nor did it adversely impact the rights of the parties in the pending case and thus was "mere misconduct," referenced in Mitan, for which the only appropriate forum is the ARDC.
Next, Kass and Sonnenschein argue the trial court's order that their counterclaim be filed under seal violates their first amendment right to disseminate information and the public's common law and first amendment right of access to judicial proceedings. These arguments are not well taken.
Kass and Sonnenschein voluntarily relinquished the right to disseminate "confidential" information obtained through discovery by their agreement with plaintiffs. Because the counterclaim is based upon documents obtained subject to that agreement, the trial court's order that it be filed under seal is not the sort of "gag order" at issue in the cases cited by Kass and Sonnenschein. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984); Chicago Council of Lawyers v. Bauer, 522 F.2d 242 (7th Cir.1975) ("no comment" rule imposed by court without agreement of parties); In re A Minor, 127 Ill.2d 247, 130 Ill.Dec. 225, 537 N.E.2d 292 (1989) (gag order on nonparty newspaper unconstitutional); In re Summerville, 190 Ill.App.3d 1072, 138 Ill.Dec. 346, 547 N.E.2d 513 (1989) (public guardian drafted protective order according to court's instruction, but did not agree to it).
Assuming, arguendo, that Kass and Sonnenschein had not agreed to the protective order, their argument is still without merit. A litigant has no first amendment right of access to information made available only for purposes of trying his suit. Seattle Times Co. v. Rhinehart, 467 U.S. at 32, 104 S.Ct. at 2207, 81 L.Ed.2d at 26. Thus, an order prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint that requires exacting First Amendment scrutiny. 467 U.S. at 33-34, 104 S.Ct. at 2208, 81 L.Ed.2d at 27 citing Gannett Co. v. DePasquale, 443 U.S. 368, 399, 99 S.Ct. 2898, 2915, 61 L.Ed.2d 608, 633 (1979).
Moreover, the liberality of pretrial discovery permitted under the rules presents an opportunity for litigants to obtainincidentally *1181 or purposefullyinformation that is not only irrelevant but if publicly released could be damaging to reputation or privacy. It is therefore necessary for the trial court to have authority to issue protective orders to prevent abuse of its processes. Seattle Times Co. v. Rhinehart, 467 U.S. at 34-35, 104 S.Ct. at 2208-09, 81 L.Ed.2d at 28. Such orders are commonly issued to protect litigants' private financial records. See generally Statland v. Freeman, 112 Ill.2d 494, 98 Ill.Dec. 54, 493 N.E.2d 1075 (1986). Accordingly, the trial court did not abuse its discretion in ordering that defendants' counterclaim, which was based upon plaintiff's financial records obtained through judicial process, be filed under seal.
Our holding on this issue should not, however, be interpreted to mean that the protective order is forever unassailable. Where the discovery documents filed under seal would aid collateral litigation on similar issues, for example in a suit by one or more of the lending institutions against the Skolnicks, the protective order would properly be subject to further modification. Access to sealed court records in such cases materially eases the task of courts and litigants and speeds up the often lengthy litigation process by eliminating wasteful duplication of discovery. In such a case, an appropriate modification of a protective order would place the litigants in a position they would otherwise reach only after repetition of another's discovery, and such modification should be denied only where it would tangibly prejudice substantial rights of the party opposing modification. Wilk v. American Medical Ass'n, 635 F.2d 1295, 1299 (7th Cir.1980), citing Ex parte Uppercu, 239 U.S. 435, 439-40, 36 S.Ct. 140, 140-41, 60 L.Ed. 368, 372 (1915).
Finally, Kass and Sonnenschein are without standing to raise the public's right of access to judicial proceedings. Unlike the parties in the cases they cite in support of their public access argument, neither Kass nor Sonnenschein is a member of the public to whom such access is being denied. See In re Marriage of Johnson, 232 Ill.App.3d 1068, 174 Ill.Dec. 209, 598 N.E.2d 406 (1992) (nonparty newspaper seeks access); In re Continental Illinois Securities Litigation, 732 F.2d 1302 (7th Cir.1984) (nonparty newspaper seeks access); Wilk v. American Medical Ass'n, 635 F.2d 1295 (7th Cir.1980) (State of New York, plaintiff in similar suit against American Medical Association, seeks access).
For the foregoing reasons, we reverse and remand the trial court's order denying defendants' motion to amend the agreed protective order and direct the trial court to modify that order in accordance with this opinion. We affirm the trial court's order directing defendants' counterclaim be filed under seal.
Affirmed in part and reversed in part; cause remanded with directions.
TULLY and FROSSARD, JJ., concur.
NOTES
[1] The documents at issue were consolidated as a separate appendix to the briefs of Kass and Sonnenschein and transmitted to this court under seal pursuant to order of the circuit court without objection by the Skolnicks.